

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2005

# Bolus v. Cappy

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3835

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bolus v. Cappy" (2005). *2005 Decisions.* Paper 819.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/819

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3835

ROBERT C. BOLUS, SR.,

Appellant

v.

RALPH J. CAPPY; RONALD D. CASTILLE;
RUSSELL M. NIGRO; SANDRA SCHULTZ NEWMAN;
THOMAS G. SAYLOR; J. MICHAEL EAKIN; WILLIAM H. LAMB

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-01319)
District Judge: Hon. A. Richard Caputo

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: FUENTES, GREENBERG and COWEN, Circuit Judges

(Filed:  July 19, 2005 )

OPINION

COWEN, Circuit Judge.

        Robert Bolus appeals the District Court's order dismissing his complaint against

seven justices of the Pennsylvania Supreme Court on the basis that the Court lacked

subject matter jurisdiction under the *Rooker-Feldman* doctrine. Bolus contends that the *Rooker-Feldman* doctrine is inapplicable because the state court never reached the merits of his claim and the state procedural barriers are contrary to state and federal constitutional protections. We have jurisdiction pursuant to 28 U.S.C. § 1291 because the District Court's dismissal for lack of subject matter jurisdiction is a final order. We will affirm the judgment of the District Court.

As we write solely for the parties, we only provide a brief recitation of the facts. In 1991, Bolus was convicted of several felonies, including receiving stolen property, tampering with or fabricating evidence, and criminal solicitation. After unsuccessfully appealing his conviction, Bolus served his sentence and was released.

In 2001, Bolus was the Republican nominee for Mayor of Scranton. However, the Pennsylvania Commonwealth Court determined that Bolus was ineligible to hold public office due to his felony convictions and the Pennsylvania Supreme Court affirmed.

After allegedly discovering new evidence which formed the basis for him to challenge his conviction, Bolus filed a petition for a writ of habeas corpus in Pennsylvania Commonwealth Court. The petition was denied on the ground that Bolus was no longer in custody. Bolus unsuccessfully appealed that denial. Bolus petitioned for a writ of habeas corpus in federal court which was denied and we denied his request for a certificate of appealability. After being arrested on new charges, Bolus filed a motion for reconsideration with the Pennsylvania Superior Court which was denied.

The present federal civil rights action was filed in August, 2003, alleging that the justices of the Pennsylvania Supreme Court violated Bolus' due process rights by denying his habeas petition. Bolus seeks to enjoin the justices from "denying him full and fair access to habeas corpus review under Article 1, Section 14 of the Pennsylvania Constitution." (Compl. at 5.) The District Court dismissed the complaint and this appeal ensued.

We exercise plenary review over an order granting a motion to dismiss for lack of subject matter jurisdiction. *See Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004).

The *Rooker-Feldman* doctrine provides that "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (internal quotation marks and citation omitted); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) ("If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction.").

A claim is inextricably intertwined with the state court decision when "federal relief can only be predicated upon a conviction that the state court was wrong." *Marran*, 376 F.3d at 150 (internal quotation marks and citation omitted). In other words, the doctrine precludes federal review when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *FOCUS*, 75 F.3d at 840.

To determine whether a claim is inextricably intertwined with a state court adjudication, we must identify the grounds on which the state court's decision rests. Here, the state court denied Bolus' petition for a writ of habeas corpus because he was no longer in custody as defined by Pennsylvania law. 42 Pa. Cons. Stat. Ann. § 9543(a) ("To be eligible for relief . . . petitioner must plead and prove . . . [t]hat the petitioner has been convicted of a crime . . . and is at the time relief is granted: (I) currently serving a sentence of imprisonment, probation or parole for the crime. . . ."). Bolus argues that the justices violated his due process rights by improperly holding that he was barred under Pennsylvania law from bringing his state habeas petition and seeks injunctive relief preventing the justices from "denying him full and fair access to habeas corpus review." (Compl. at 5.)

In order for us to grant the injunction, we would have to conclude that the state court made an incorrect factual or legal determination regarding Bolus' custody and

4

would have to effectively reverse his state decision or void its ruling. *See Feldman*, 460 U.S. at 486-87 ("[T]heir allegation that the [state court] acted arbitrarily and capriciously in denying their petitions . . . required the District Court to review a final judicial decision of the [state] court . . . . These allegations are inextricably intertwined with the [state court's] decisions . . . . The District Court, therefore, does not have jurisdiction over these [claims].") Bolus has not demonstrated how the relief he seeks in federal court will leave his state court adjudication intact. When, as here, "the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state court judgment ineffectual," *Rooker-Feldman* serves as a complete bar to federal jurisdiction. Marran, 376 F.3d at 150 (quoting *FOCUS,* 75 F.3d at 840). We agree with the District Court's conclusion:

> The only way that I could determine if Plaintiff's due process rights were violated is by making a determination that the state court's holding pursuant to title 42, section 9543 of the Pennsylvania Consolidated Statutes was improper. In particular, Plaintiff is asking the Court to interpret Pennsylvania's rules of procedure, determine that the state court's decision was wrong, and enjoin the state supreme court from ruling on state law. This is exactly the type of determination that the *Rooker-Feldman* doctrine prohibits.

(App. at 9-10.)

Bolus failed to demonstrate how any of his federal claims regarding his state court proceedings and appeals are entitled to federal district court review. The United States Supreme Court, rather than a federal district court, sits as the ultimate reviewer of state

5

court decisions. "Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours. . . ." *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J. Police Dep't*, 973 F.2d 169, 176-177 (3d Cir. 1992) (internal quotation marks and citation omitted).[1]

Relying on *Whiteford v. Reed*, Bolus argues that the *Rooker-Feldman* doctrine is inapplicable because the state court never reached the merits of his claim. 155 F.3d 671 (3d Cir. 1998). In *Whiteford*, the state court dismissed the petition because it failed to conform to Pennsylvania's laws of appellate procedure. Whiteford's federal action requested the district court to determine whether Pennsylvania's Health Care Services Act violated his federal constitutional rights. Unlike the claims here, the claims in *Whiteford* "did not require the district court to determine that the state court's decision was wrong or void the state court's ruling. The district court was not requested to interpret Pennsylvania's rules or appellate procedure, it was asked to interpret the [federal] Constitution." *Id.* at 674 (internal quotations and citations omitted).

Because the relief requested in federal court requires a determination that the state court's judgment was erroneously entered, the issues are inextricably intertwined with the

---

[1] We recognize that "habeas corpus jurisdiction of the lower federal courts is a constitutionally authorized exception to the principle of *Rooker-Feldman*." *Blake v. Papadakos*, 953 F.2d 68, 72 n.2 (3d Cir. 1992). This exception, however, is inapplicable here because this appeal does not involve a petition for a writ of habeas corpus relief filed under 28 U.S.C. § 2254.

state court's decision and the District Court correctly determined that it lacked subject matter jurisdiction to consider the case.

For the foregoing reasons, the judgment of the District Court entered on August 31, 2004, will be affirmed.

_____